UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERROLD G. THOMAS, | ) | CASE NO. 5:18-cv-1522 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| CARDINAL PACKAGING INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This action is before the Court on the complaint of *pro se* plaintiff Jerrold G. Thomas ("Thomas") against defendants Cardinal Packaging Inc. ("Cardinal"), Berry Global Inc. ("Berry"), Ohio Department of Job and Family Services ("ODJFS"), the Ohio Attorney General's Office ("Ohio A.G."), and Patrick Macqueeney ("Macqueeney") (collectively, "defendants") concerning a state court lawsuit related to unemployment compensation. (Doc. No. 1 ["Compl."].) Also before the Court is Thomas's motion to proceed with this action *in forma pauperis*. (Doc. No. 2.)

Thomas's *in forma pauperis* motion is granted. For the reasons that follow, this case is dismissed.

I. **BACKGROUND**

According to the complaint and attachments thereto, Thomas filed an appeal in the Cuyahoga County Court of Common Pleas of the denial of his claim for unemployment benefits

by the ODJFS – No. CV-17-882861 ("State Case"). According to the State Case docket,[1] Thomas appeared *pro se* in that action, and Macqueeney from the Ohio Attorney General's Office represented ODJFS. The opinion of Cuyahoga Common Pleas Judge Daniel Gaul denying Thomas's appeal is attached to the complaint. (Doc. No. 1-1 at 33-37.[2])

Thomas acknowledges in the complaint that he filed an untimely appeal of Judge Gaul's decision, and a review of the State Case docket also indicates that Thomas's appeal of Judge Gaul's decision was dismissed *sua sponte* for failure to file a timely notice of appeal. Thomas states that various difficulties in his life, including housing issues and encounters with law enforcement, contributed to his failure to timely appeal Judge Gaul's decision. Thomas asks this Court to overrule the decision dismissing his appeal as untimely, or to reopen and reconsider his claim for unemployment benefits. (Compl. at 1-2.)

## II. STANDARD OF REVIEW

*Pro se* pleadings must be liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam). That said, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

---

[1] *See* https://cpdocket.cp.cuyahogacounty.us/CV_CaseInformation_Docket.aspx?q=Tby6yBbGIRDCyVjn-FuGDg2. The Court may take judicial notice of publicly accessible dockets because such records are generally considered not to be subject to reasonable dispute. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454 (N.D. Ohio 2012).

[2] Page number references are to the page identification numbers generated by the Court's electronic filing system.

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The dismissal standard for Fed. R. Civ. P. 12(b)(6)—articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)—governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564.

Thomas attached a voluminous number of documents to the complaint. Under Fed. R. Civ. P. 10(c), written instruments attached as exhibits to a pleading are part of that pleading for all purposes. For the purposes of performing this § 1915 screening and liberally construing the complaint, the Court will consider the attachments to the complaint in its analysis.

### III. DISCUSSION

While *pro se* complaints are liberally construed and held to a less stringent standard that pleadings prepared by attorneys, such leniency is not without its limits, and the complaint must still satisfy basic pleading standards. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citations omitted). Here, even assuming for the purpose of this analysis that all named defendants are subject to suit, Thomas fails to allege facts that are sufficient to place each defendant on notice of the legal claims against them as required to satisfy basic pleading requirements. *Iqbal*, 556 U.S. at 678 (pleading must contain factual allegations sufficient to place each individual defendant on notice of the claim asserted against him); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the

complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") Thomas's failure to satisfy basic pleading requirement as to each defendant renders the action subject to dismissal, on this basis alone, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). But this case is also subject to dismissal for lack of subject-matter jurisdiction and is barred by res judicata.

### A. Fed. R. Civ. P. 12(h)(3)

The basis of this Court's subject-matter jurisdiction over this action is not apparent from the face of the complaint. Federal courts are courts of limited jurisdiction, and the party claiming jurisdiction must demonstrate that it exists. *Walton v. United States*, 997 F. Supp. 2d 808, 812 (N.D. Ohio 2014). Congress has given federal courts subject matter jurisdiction in civil actions (1) "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331–federal question jurisdiction), and (2) between citizens of different states where the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332–diversity jurisdiction). While *pro se* pleadings are liberally construed and held to less stringent standards than pleadings prepared by attorneys, the face of the complaint must contain sufficient allegations to show that the Court has subject matter jurisdiction. Even liberally construing the complaint, the Court cannot discern a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (federal question jurisdiction must be presented on the face of the complaint). Nor has Thomas alleged an amount in controversy that exceeds $75.000.00, and facts from which this Court could infer that Thomas and the defendants are citizens of different states, as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Fed. R. Civ. P. 12(h)(3) provides that: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When there is no basis for federal jurisdiction from the face of the complaint, the Court may dismiss the action as frivolous and for lack of subject matter jurisdiction. *Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999) (Table) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and Fed. R. Civ. P. 12(h)(3)). Accordingly, this case is subject to dismissal pursuant to § 1915(e)(2)(B) for lack of subject matter jurisdiction.

### B. The *Rooker-Feldman* doctrine

The Court also lacks jurisdiction over this case under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is grounded in two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). Section 1257(a) prohibits "end-runs around state court judgments" by requiring litigants seeking review of judgments rendered by the highest court of a state in which a decision could be rendered to file a writ of certiorari with the United States Supreme Court. *See Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 308-09 (6th Cir. 2010). The *Rooker-Feldman* doctrine is based upon the negative inference that, if § 1257 vests appellate review of state court judgments in the United States Supreme Court, then such review is not available in the lower federal courts. *Id*. at 308-311. Where, as here, a plaintiff complains of an injury caused by the state court judgment and asks a federal court to review and reject that judgment, he is essentially seeking appellate review of the state court judgment and such review is barred by the *Rooker-Feldman* doctrine. *See Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

Thus, even liberally construing Thomas's complaint, this action constitutes an impermissible collateral attack on the state courts' decisions concerning his application for unemployment compensation, and this Court lacks jurisdiction to grant Thomas the relief he requests. Accordingly, this action is dismissed pursuant to § 1915(e)(2)(B). *See Parker v. Phillips*, 27 F. App'x 491, 493-94 (6th Cir. 2001) (finding an action frivolous under § 1915(e) where one basis for dismissal is *Rooker-Feldman*).

**C.     Res judicata**

Even if this Court had subject-matter jurisdiction, Thomas's action would be barred by res judicata. Under the doctrine of res judicata, federal courts must give the same preclusive effect to a state court judgment as that judgment would receive in the state in which it was rendered. *See Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Therefore, in order to determine the preclusive effect of the State Case on this action, the Court must apply the law of the State of Ohio.

Under Ohio law, "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Tr. of Danbury Twp.*, 431 N.E.2d 672, 674 (Ohio 1982) (internal quotation marks and citation omitted); *see also Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995) ("[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.").

Both the State Case and the instant action arise out of Thomas's appeal of the denial of unemployment compensation benefits by ODJFS and involve the same parties or their privies. Accordingly, this action is subject to dismissal pursuant to § 1915(e)(2)(B) for the additional reason that it is barred by the doctrine of res judicata. *See, e.g., Plank v. U.S. Dep't of Educ.*, No. 1:05 CV 2833, 2006 WL 228901, at *1 (N.D. Ohio Jan. 30, 2006) (dismissing action barred by res judicata pursuant to § 1915(e) for failure to state a claim upon which relief can be granted).

## IV. CONCLUSION

For all the foregoing reasons, Thomas fails to state a claim upon which relief can be granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Thomas's motion to proceed *in forma pauperis* is granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 4, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**